UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamednoor A., | File No. 26-cv-525 (ECT/ECW) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General of the United States*; Kristi Noem, *Secretary of Homeland Security*; Todd M. Lyons, *Acting Director of U.S. Immigration and Customs Enforcement*; Peter Berg, *Field Office Director, ICE Enforcement and Removal Operations, St. Paul*; U.S. Immigration and Customs Enforcement; U.S. Department of Homeland Security; and Samuel J. Olson, *Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity*, | |
| Respondents. | |

Abdiqani Jabane, Jabane Law Office, Minneapolis, MN, and Karen Venice Bryan, KB Law PLLC, St. Louis Park, MN, for Petitioner Mohamednoor A.

Ana H. Voss, Matthew Isihara, United States Attorney's Office, Minneapolis, MN, and Jesus Cruz Rodriguez, United States Attorney's Office, Lawton, OK, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Peter Berg, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, and Samuel J. Olson.

Petitioner Mohamednoor A. is a Somali citizen who has lived in the United States since April 2024. *See* Pet. [ECF No. 2] ¶ 2; ECF No. 2-1 at 1.[1] Mohamednoor "was

---

[1] The uncontested facts, *see* ECF No. 7 at 1, are drawn from Mohamednoor's two habeas petitions under 28 U.S.C. § 2241, one in this case and one in the consolidated action,

admitted to the United States in refugee status (class of admission 'RE')." Pet. ¶ 2; *see* ECF No. 2-1 at 1. His I-94 Form states that he was admitted on April 25, 2024. ECF No. 2-1 at 1. On May 30, 2025, he filed a Form I-485 application to adjust his status to lawful permanent resident under the Immigration and Nationality Act, 8 U.S.C. § 1159(b). ECF No. 10-1 at 1; No. 26-cv-564, ECF No. 2 ["Second Pet."] ¶ 29. U.S. Citizenship and Immigration Services issued Mohamednoor a Form I-797C receipt notice, ECF No. 10-1 at 1, and scheduled him for biometrics, *id.* at 2–3 (dated June 24, 2025). That application remains pending. Second Pet. ¶ 2. There is no record evidence that Mohamednoor has any criminal convictions. *See id.* ¶¶ 30–31.

On December 31, 2025, Mohamednoor was detained by U.S. Immigration and Customs Enforcement ("ICE"). Second Pet. ¶¶ 27, 32; Pet. ¶¶ 1, 5; *see* ECF No. 3-1 (showing ICE detention information for Mohamednoor). His second petition alleges he was never served a warrant for this arrest. Second Pet. ¶ 49. ICE served him with a Notice to Appear form on January 14, 2026, which states he was admitted to the United States but is removable because he failed to adjust his status to a lawful permanent resident within

---

docketed as *Mohamednoor v. Noem*, 26-cv-564 (ECT/ECW) (D. Minn.). He was represented by different attorneys in the two cases. In the second-filed action, Magistrate Judge Shannon G. Elkins ordered Mohamednoor to disclose whether he was the petitioner in the first-filed action. No. 26-cv-564, ECF No. 4 at 2. Mohamednoor responded that he was. No. 26-cv-564, ECF No. 6 at 2. He requested to proceed on the second-filed action, and he asked that the first-filed action be dismissed without prejudice. *Id.* Respondents then filed the same response brief in both actions, *see* 26-cv-564, ECF No. 8; No. 26-cv-525, ECF No. 7, though that brief is captioned with the title of the first-filed action only. Mohamednoor did not move to dismiss the first-filed action in that docket, however, and his attorney filed a reply brief in that case. ECF No. 9; *see* ECF No. 5 (briefing order). To untangle this procedural knot, I did not dismiss the first action. I consolidated the two actions. Because the first-filed action was fully briefed and the second-filed one was not, the first-filed action became the lead case.

one year of admission.  No. 26-cv-564, ECF No. 2-3 at 1.  That same day, "an Immigration Judge terminated removal proceedings in [Mohamednoor's] case."[2]  Pet. ¶ 4; *see* No. 26-cv-564, ECF No. 2-4 at 1 (showing immigration judge's order).  That order states that Mohamednoor "is a refugee with an application for adjustment of status pending with the USCIS," and he "is not removable or inadmissible."  No. 26-cv-564, ECF No. 2-4 at 1.  Mohamednoor nevertheless remains detained.  Pet. ¶ 5.  According to ICE's online detainee locator, Mohamednoor is detained in the Kandiyohi County Jail.  *See Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/ search (last visited Jan. 28, 2026).

Mohamednoor challenges his detention under 28 U.S.C. § 2241.  Pet. ¶ 1.  He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing).  Pet. ¶¶ 6–11; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Mohamednoor, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. § 1226(a).  *See* Pet. ¶¶ 6–18.  He seeks issuance of a writ of habeas corpus ordering Respondents to set a bond hearing for him pursuant to 8 U.S.C. § 1226(a), or, alternatively, to release him, a declaration that his current detention violates the Constitution and laws of the United States, and "other and further relief as the Court

---

[2]  The Petition cites an Exhibit A for support, but that document does not show termination of removal proceedings.  *See* Pet. ¶ 4; ECF No. 2-1 (Mohamednoor's I-94 Form).  The immigration judge's order was submitted in the second-filed case, No. 26-cv-564, ECF No. 2-4.

deems just and proper." Pet. at 4–5. His second-filed petition requests additionally that Respondents be prohibited from transferring him from the District without the Court's approval, and it also seeks attorneys' fees. Second Pet. at 17.

Respondents' argument is twofold. First, they contend that Mohamednoor "provided no evidence, nor has [he] asserted that he held permanent resident status at the time of his detention," meaning (in Respondents' view) that 8 U.S.C. § 1159(a)(1)(C) applies and requires mandatory detention.[3] ECF No. 7 at 2. Section 1159(a)(1) requires noncitizens admitted under § 1157 who have been physically present in the United States for one year and who have not acquired permanent resident status to be "returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title." 8 U.S.C. § 1159(a)(1); *see* 8 C.F.R. § 209.1 (governing inspection and examination procedures); *cf. In re D- K-*, 25 I. & N. Dec. 761, 768 (B.I.A. 2012) ("[A] refugee who ultimately becomes a lawful permanent resident will have been 'admitted' twice—first, upon conditional admission under [8 U.S.C. § 1157], and second, upon reinspection and adjustment to permanent resident status under [8 U.S.C. § 1159(a)] . . . .").

---

[3] This argument includes citations to paragraphs 27 and 29 of the Petition. ECF No. 7 at 2. The petition in the first-filed case lacks those paragraph numbers. *See* Pet. It's possible that Respondents meant to cite the petition in the second-filed case, but paragraphs 27 and 29 do not support the statements for which they are cited. *Contrast* ECF No. 7 at 2, *with* Second Pet. ¶¶ 27, 29. The response also mistakenly refers to Mohamednoor as "Mr. Hassan." ECF No. 7 at 2.

Section 1159(a) does not mandate detention of an applicant with a pending application to adjust status. Instead, it requires certain individuals to enter custody for an "inspection and examination" to determine whether the applicant is admissible, 8 U.S.C. § 1159(a)(1), and applicants found admissible are to be "regarded as lawfully admitted to the United States for permanent residence," 8 U.S.C. § 1159(a)(2). The statute "contemplates DHS's 'custody' of refugees for the limited purpose of conducting an inspection necessary to adjudicate the adjustment of status under § 1159(a)(2)." *Darvin M. v. Bondi*, --- F. Supp. 3d ---, No. 26-cv-437 (SRN/EMB), 2026 WL 184843, at *2 (D. Minn. Jan. 24, 2026). The statute requires custody to "accord[] with the provisions of sections 1225, 1229a, and 1231" of Title 8 of the U.S. Code. 8 U.S.C. § 1159(a)(1). This interpretation is supported by multiple courts within this District. *See Aleksander B. v. Trump*, No. 26-cv-170 (KMM/DJF), 2026 WL 172435, at *4–6 (D. Minn. Jan. 22, 2026); *Jama A.O. v. Bondi*, No. 26-cv-420 (DWF/ECW), 2026 WL 185767, at *3–4 (D. Minn. Jan. 23, 2026); *Darvin M.*, --- F. Supp. 3d ---, 2026 WL 184843, at *2–5; *Lah v. Bondi*, No. 26-cv-171 (MJD/SGE), 2026 WL 184529, at *2 (D. Minn. Jan. 23, 2026); Order at 2–4, *Amin A. v. Trump*, No. 26-cv-251 (PJS/ECW) (D. Minn. Jan. 26, 2026), ECF No. 10; Order at 2, *Aliaksandr V. v. Bondi*, No. 26-cv-513 (DSD/DJF), ECF No. 7. Respondents cite no cases supporting their interpretation.[4]

---

[4] ICE appears to have changed course. In 2010, it understood the statute not to justify detention or initiation of removal proceedings. *See Memorandum on Detention of Refugees Admitted Under INA § 207 Who Have Failed to Adjust to Lawful Permanent Resident Status* 2, U.S. Immigr. & Customs Enf't (May 10, 2010), https://www.ice.gov/doclib/foia/policy/directive11039.1.pdf ("Failure by [refugees] to apply for adjustment of statute under [§ 1159(a)] is not a sufficient ground to place them in removal proceedings, and therefore not a proper basis for detaining them.").

5

Because Mohamednoor has shown that his continued detention is not authorized by § 1159(a)(1) or the statutes it incorporates—§§ 1225, 1229a, and 1231—his petition will be granted. As explained more fully below, Mohamednoor is not an "applicant for admission" under 8 U.S.C. § 1225; he was admitted as a refugee in 2024. *See Jama A.O.*, 2026 WL 185767, at *4. Section 1231 does not apply because no record evidence shows he has been ordered removed. *See* 8 U.S.C. § 1231 (governing detention of noncitizens "ordered removed"). Section 1229a does not apply because it addresses removal proceedings, and Mohamednoor has submitted undisputed evidence that his removal proceedings have been terminated. Pet. ¶ 4; No. 26-cv-564, ECF No. 2-4 at 1. Respondents' argument that Mohamednoor must be detained because his one-year period to acquire permanent resident status has expired conflicts with the statute's provision that refugees are not eligible to apply for adjustment of status until they have "been physically present in the United States *for at least one year*." 8 U.S.C. § 1159(a)(1)(B); *see In re D-K-*, 25 I. & N. Dec. at 766 ("Finally, an alien who is 'admitted' as a refugee must accrue 1 year of physical presence within the United States from the date he or she entered before applying for adjustment of status under section 209(a)(1) of the Act.").

Second, Respondents argue that detention is mandatory under 8 U.S.C. § 1225 (and thus Mohamednoor is not eligible for a bond hearing). ECF No. 7 at 3–4. Mohamednoor argues that he is subject instead to § 1226(a), which would entitle him to a bond hearing. Pet. ¶¶ 6–11. Both parties have it wrong—on this record, neither statute justifies Mohamednoor's detention. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C.

6

§ 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see, e.g.*, *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025). Mohamednoor was admitted to the United States as a refugee in 2024. Pet. ¶ 2; ECF No. 2-1 at 1. Respondents do not argue the double-admission procedure for refugees makes Mohamednoor an applicant for admission, *see In re D- K-*, 25 I. & N. Dec. at 768, and they do not argue that applying to adjust status counts as applying for admission. Persuasive authority in this District counsels otherwise. *See, e.g.*, *Darvin M.*, --- F. Supp. 3d ---, 2026 WL 184843, at *3. Neither is Mohamednoor properly detained under § 1226(a). That statute authorizes detention "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Mohamednoor alleges he was not served a warrant, Second Pet. ¶ 49, and Respondents submitted no evidence that he was.[5]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.   Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 3] is **GRANTED** as set forth in the Briefing Order [ECF No. 5].

---

[5]   Mohamednoor filed an emergency motion for a temporary restraining order, seeking to prohibit Respondents from transferring him outside the District of Minnesota while his habeas petition is pending. ECF No. 3 at 4–5. That request was effectively granted in the January 21 briefing order, though no order was issued on the motion. ECF No. 5 at 2. As a housekeeping matter, the motion for temporary restraining order will be granted.

    2.    Petitioner's petition for a writ of habeas corpus [ECF No. 2] is **GRANTED**. Respondents shall, **within seven days of this Order**, either:

    a.    Complete inspection and examination of Petitioner Mohamednoor A. pursuant to 8 U.S.C. § 1159(a), and file a notice confirming that inspection has been completed, identifying the outcome, and stating whether Respondents contend that continued detention is authorized on a specific lawful basis; or

    b.    Immediately release Petitioner from custody in Minnesota, and file a notice confirming the date, time, and location of release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 28, 2026

s/ Eric C. Tostrud  
Eric C. Tostrud  
United States District Court